UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEVEN W. HUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:20-CV-152-HAB |
| ) | |
| OFFICER DONALD GARAB and ) | |
| OFFICER MARK FELLER, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff led officers on a meth-fueled chase for more than a quarter of an hour. Following the pursuit, officers used force to place Plaintiff in handcuffs. That force, Plaintiff alleges, was constitutionally infirm.

Now before the Court is Defendant Officer Mark Feller's ("Feller") Motion for Summary Judgment. (ECF No. 42).[1] Feller argues that he did not use excessive force and that, in any event, he is entitled to qualified immunity. The motion has been fully briefed (ECF Nos. 54, 57) and is ripe for ruling.

**I.   Factual Background**

On a March afternoon in 2019, Garab spotted Plaintiff's Chevy S10 pickup parked outside of a known drug house. Plaintiff, on the tail end of a two-day meth bender, became alarmed by the presence of a police car and left in the pickup. Plaintiff passed Garab's police car, which was now

---

[1] Defendant Officer Donald Garab ("Garab") also moved for summary judgment. (ECF No. 38). Plaintiff's claim against Garab has been settled. (ECF No. 55). While the Court has not received a formal motion to dismiss Garab or an amended complaint excluding him from the lawsuit, it will assume that proceedings against Garab have concluded and will not rule on his pending motion.

parked on the side of the road, striking a curb and travelling nearly three times the posted speed limit in the process. Garab saw these infractions and initiated a stop of Plaintiff's vehicle.

Plaintiff had other ideas. You see, Plaintiff's vehicle was lousy with plastic bags full of meth. If Plaintiff was pulled over with all this meth in the vehicle, his weekend plans were likely shot. Plaintiff's solution to this problem was to lead Garab, and eventually officers from across Noble County, on an extended chase, all the while hurling bags of meth from the pickup like a meth paper boy.

Despite having not slept for two days, Plaintiff proved elusive. Over the course of nearly twenty minutes, Plaintiff led a parade of police cars over county roads, state roads, and U.S. routes through Noble County. The collection of vehicles visited many of Noble County's fine small towns, including Wolcottville, Rome City, and Kendallville. Plaintiff managed to avoid not one but two roadblocks. Alas, he could not avoid the third and his vehicle was disabled by a set of stop sticks.

One of the officers who joined the festivities was Feller, a member of the Rome City Police Department. Approaching Plaintiff's vehicle with gun drawn, Feller ordered Plaintiff to roll down his window and open the driver's side door from the outside. Plaintiff could only roll down the window halfway and could not open the door. Feller opened the door and ordered Plaintiff out of the truck. Plaintiff complied.

Once out of the vehicle, Plaintiff was "taken to the ground" by Feller. Feller then grabbed Plaintiff's left arm and pulled it behind Plaintiff's back to apply handcuffs. This move, Plaintiff alleges, "torqued" his shoulder "in such a way that [his] shoulder popped." (ECF No. 53 at 2). In what Plaintiff describes as an effort to relieve pressure on his left shoulder, he pulled his right arm close to his body. When officers asked Plaintiff to give up his right arm so that he could be

2

handcuffed, Plaintiff demurred. After a brief struggle, the officers gained control of Plaintiff's right arm and completed the handcuffing. Plaintiff asserts that, at some point between exiting the vehicle and being handcuffed, Feller slammed his head into the concrete causing facial lacerations.

## II.     Legal Discussion

### A.     *Summary Judgment Standard*

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in its favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists cannot create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). A court is not "obliged to research and construct legal arguments

3

for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

**B.     *Feller is Entitled to Qualified Immunity***

Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). District courts have discretion to decide which of the two prongs of the qualified immunity analysis to tackle first. *Person v. Callahan*, 555 U.S. 223, 236 (2009).

The Court recognizes that the parties' versions of events do not line up perfectly, particularly with respect to what caused Plaintiff's facial lacerations. However, the mere existence of disputed facts is not enough to defeat summary judgment. Instead, for Plaintiff to prevail, the disputed facts must be material to the question of qualified immunity. *Hernandez v. Cook Cty. Sheriff's Office*, 634 F.3d 906, 916 (7th Cir. 2011). Even if the Court accepts all Plaintiff's facts as true, the right he seeks to vindicate is not clearly established.

Two recent decisions from the Supreme Court of the United States have clarified what it means for a right to be "clearly established." *See City of Tahlequah, Oklahoma v. Bond*, 142 S.Ct. 9 (2021); *Rivas-Villegas v. Cortesluna*, 142 S.Ct. 4 (2021). Both cases emphasize that clearly established law cannot be defined "at too high a level of generality." *Bond*, 142 S.Ct. at 11. "It is not enough that a rule be suggested by then-existing precedent; the rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. (internal quotations omitted).

Fourth Amendment cases call for particular specificity, as it is "sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts." *Id*. at 11–12. Thus, to show a violation of clearly established law, Plaintiff must identify a case that put Feller on notice that his specific conduct was unlawful. *Cortesluna*, 142 S.Ct. at 8.[2]

Plaintiff has failed in this task. Two cases are cited in Plaintiff's qualified immunity argument. In *Strand v. Minchuk*, 910 F.3d 909 (7th Cir. 2018), a dispute over a parking ticket turned into a fist fight between the motorist and the officer. After an extended struggle, the motorist stood up, backed away from the officer, put his hands up, and said, "I surrender. Do whatever you think you need to do. I surrender, I'm done." The officer responded by shooting the motorist in the abdomen. *Id*. at 912. *Strand*'s facts are very different from the facts here, and that case could not have informed Feller's conduct.

*Hill v. Miller*, 878 F.Supp, 114 (N.D. Ill. 1995), offers Plaintiff no more support. There, the facts most favorable to the plaintiff showed that he complied with the officer's orders and never resisted arrest. Still, the officer forcibly pushed the plaintiff against his police car several times, causing the plaintiff to suffer a hernia. In addition, the officer wrenched the plaintiff's arm behind his back and handcuffed him tightly, causing nerve damage. *Id*. at 115.

The problems with Plaintiff's reliance on *Hill* are two-fold. First, district court decisions cannot clearly establish the law because "they are not authoritative as precedent and therefore do not establish the duties of nonparties." *Anderson v. Romero*, 72 F.3d 518, 525 (7th Cir. 1995). But even if it were precedential, the facts in *Hill* are far afield. The plaintiff in *Hill* did not lead officers on a twenty-minute, high speed chase. The plaintiff in *Hill* did not fail to roll his window down or

---

[2] There is some suggestion in *Cortesluna* that the case must come from the Supreme Court of the United States. *Cortesluna*, 142 S.Ct. at 8 ("Even assuming that Circuit precedent can clearly establish law for purposes of § 1983 . . . .")

open his door. The plaintiff in *Hill* did not refuse to give officers his right arm so that he could be handcuffed. In short, the plaintiff in *Hill* exhibited none of the resistance that Plaintiff did here. Feller, then, could not have learned from *Hill* that his specific conduct was unlawful.

With no other cases offered, Plaintiff has failed to identify a single precedent finding a Fourth Amendment violation under similar circumstances. As a result, Feller is entitled to qualified immunity. *Bond*, 142 S.Ct. at 12.

**III.   Conclusion**

For these reasons, Feller's Motion for Summary Judgment (ECF No. 42) is GRANTED. The Clerk is DIRECTED to enter judgment for Feller and against Plaintiff.

SO ORDERED on December 21, 2021.

                                  s/ Holly A. Brady
                                  JUDGE HOLLY A. BRADY
                                  UNITED STATES DISTRICT COURT